## STATE v MORGAN

Ohio Appeals, 2nd Dist, Champaign Co.

Decided November 20, 1939.

700

Glen R. Immel, Probate Attorney, Urbana.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Champaign County, Ohio.

The defendant, Alton Morgan, was duly indicted for the crime of burglary and larceny. On arraignment he entered a plea of not guilty. The case came on for trial, and at the conclusion of the state's testimony counsel for the defendant interposed a motion that the court instruct the jury to return a verdict of not guilty of the crime of burglary.

The motion was sustained and the jury instructed to return a verdict of not guilty. The Prosecuting Attorney, after the sustaining of the motion and before the return of the verdict, requested the court to continue the hearing on the charge of larceny, which was duly incorporated in the indictment. This motion was overruled, apparently on the erroneous theory that under the form of the indictment there could not be returned a verdict of guilty of larceny.

The jury in due time returned their verdict of not guilty, as per the instructions of the court.

Motion for new trial was thereafter interposed, overruled, and within due time a bill of exceptions was properly filed.

The judgment entry was filed June 6, 1939, and notice of appeal was given on June 10th thereafter. For some reason, a second notice of appeal was filed June 19th. Both notices of appeal were an attempted appeal to the Court of Appeals of Champaign County, Ohio.

In a measure this is an ex parte proceeding. In other words, no one appears for the defendant.

Of course, the cause is res adjudicata so far as the defendant is concerned, and any determination on review would not revive the case for retrial, since the defendant has been once in jeopardy.

While the question is not raised or discussed, it is always the duty of the reviewing court to determine its jurisdiction. In most instances the jurisdiction is obvious, but in the instant case there was sufficient question in our minds to prompt an independent investigation.

Under a situation such as is involved in the instant case, the modus operandi, until a recent case, **Eastman v State,**

131 Oh St 1, was controlled by §§13446-2 to 13446-4 GC, inclusive.

In substance the provision of the above sections provided for application to the Supreme Court for determination of the legal principles involved as authority in future cases. In the Eastman case, supra, the Supreme Court held that the above sections were unconstitutional, and in syllabus 12 determined that paragraph 3 of the syllabus in the case of State v Cameron, 89 Oh St 214, paragraphs 1 and 3 of the syllabus in the case of State v Kassay, 126 Oh St 177, and paragraph 1 of the syllabus in the case of State v McNary, 126 Oh St 381, would be overruled.

There is not now and never has been any legislative enactment provided for similar review before the Court of Appeals. The weight of authority in all jurisdiction in the United States is against the right of the  State to bring error in a criminal case unless permitted by statute. 8 Ruling Case Law, Page 168, §162.

This rule is recognized and followed in Ohio. State v Simmons, 49 Oh St 305; Mick v State, 72 Oh St 388; State v Hance, 4 C. C. N. S. 541.

Of course this rule would not necessarily have application where the order of the trial court is not an adjudication of the innocence of the accused.

In the instant case the jury, under the direction of the Court returned a verdict of not guilty, and this is a final adjudication of innocence.

Under the provisions of the Ohio Constitution the defendant may not again be placed upon trial for this offense. Having been placed in jeopardy, he is immune from further prosecution on this particular charge, regardless of whether the court was right or wrong in directing a verdict. State v Budd, 65 Oh St 1.

It has been determined that a statute which merely grants generally the right of appeal or review in criminal cases will be regarded as giving such right to the defendant only and not to the State. State v Dickerson, 73 Oh St 193.

There being no statutory provisions for review by the Court of Appeals, such as was attempted to be given to the Supreme Court under §§13446-2 and 13446-4 GC, we have no jurisdiction to determine the question presented in the instant case.

We can do nothing more than dismiss the appeal, which is accordingly done.

A general entry will be presented, dismissing the appeal.

HORNBECK, PJ. & GEIGER, J., concur.